JOHN H. PITZER, *Probate Judge*, v. THE TERRITORY OF OKLAHOMA, *on relation of A. J. Jennings, County Attorney.*

1. PROBATE JUDGE—*Salary.* From December 25, 1890, to the amendment of the Fee and Salary Act of this Territory in 1895, the amount of fees which a probate judge might retain as his salary was limited and regulated in accordance with the population, not to exceed, however, the sum of twelve hundred and fifty dollars in any case. And where the population of the county exceeded ten thousand inhabitants it was the duty of the probate judge to pay into the county treasury all fees collected by him in excess of the sum of twelve hundred and fifty dollars.

2. MANDAMUS—*Allegations Taken as True.* All allegations of fact contained in a writ of *mandamus* which are not controverted by the answer are to be taken as true in the cause.

*Error from the District Court of Canadian County.*

A. J. Jennings, as county attorney, brought this action in *mandamus* in the district court of Canadian county on the 19th day of March, 1894, to compel the defendant, who was probate judge of Canadian county, to make his annual settlement with the county and to turn over to the county all fees received by him as such officer for the year commencing on the 2d day of January, 1893. After trial was had before the court, judgment was rendered for the plaintiff and against the defendant as prayed for, from which judgment the defendant appeals. Affirmed.

*John H. Pitzer* and *F. Danford*, for plaintiff in error.

*A. J. Jennings*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: There is only one question involved in this case, and that is as to whether or not the plaintiff

in error, as probate judge, was limited in the amount of fees and compensation which he could retain for his services to twelve hundred and fifty dollars per annum, and whether or not he is required to pay into the county treasury of the county all fees collected by him in excess of that amount.

Section 2885 of the compilation of statutes of this Territory of 1893, and which is an act of the legislature of this Territory which took effect December 25, 1890, and remained in force until changed by the legislature in 1895, reads as follows:

"In all cases where the fees prescribed by this act, in criminal cases, for the sheriff, probate judge, clerk, constable, justices of the peace, witnesses for the territory and jurors, are not paid by the defendant or prosecuting witness, they shall be paid by the county in which the criminal prosecution was instituted: *Provided*, That no such fees shall be paid by the board of county commissioners until the sheriff, constable, or justice of the peace shall have filed his affidavit that said fees cannot be collected from any other source. And, *Provided further*, That the total amount of criminal fees allowed to the sheriff, probate judge and county clerk, shall in no case when added to the fees collected by them make their annual salary exceed the following amounts: Sheriffs in counties of five thousand inhabitants or less, one thousand dollars; in counties of from five thousand to ten thousand inhabitants, two thousand dollars; in counties of from ten thousand to twenty thousand inhabitants, three thousand dollars; probate judge, in counties of five thousand inhabitants or less, six hundred dollars; in counties of from five thousand to ten thousand inhabitants, nine hundred dollars; in counties of from ten thousand to twenty thousand inhabitants, twelve hundred and fifty dollars; county clerk, the same as provided in section 11 of this act. And, *Provided further*, That annual settlement shall be made with the county officers, named in

this act, and that allowances of criminal fees shall be made by the county commissioners upon sworn statement submitted with said annual settlements and that all fees collected by said officers in excess of the amounts named in this act, as their annual salary, shall be paid into the county treasury."

Two claims are made by the plaintiff in error to avoid the judgmemt of the court against him:

1.   That the limitation upon the salary of the probate judge is only as to the amount of fees which he is entitled to receive in criminal cases, and

2.   That there is no limitation upon the salaries of probate judges in counties of more than twenty thousand inhabitants, and that the record does not show that Canadian county does not contain more than twenty thousand inhabitants.

Neither of these contentions is tenable, and both must be denied.

This section of the statute, and it is a part of the fee and salary act formerly in force in this territory, clearly provides that the salary of the probate judge shall in no case exceed the sum of twelve hundred and fifty dollars per annum, and it provides for an annual settlement being made with the county officers named in the section, and the allowance of criminal fees (if any may be due them,) shall be made by the county commissioners upon the sworn statement which the officer shall make with his annual settlement, and provides that all fees collected by such officers in excess of the amount named in the act as their annual salary shall be paid into the county treasury; and, second, provides a limitation upon the amount which sheriffs and probate judges are entitled to receive. It provides that ·in no case" shall the criminal fees which such officer may receive, when added

to the fees collected by them, make their salaries exceed given amounts, and it then proceeds to grade the amounts by the population of counties, the highest limitation being placed upon counties having from ten to twenty thousand inhabitants. But this does not exempt probate judges in counties having more than twenty thousand inhabitants, if there are any such, from the limitation of the act, for it specifically says that " in no case " shall the salary exceed the amount stated, and that " all fees collected by said officers in excess of the amounts named in this act as their annual salary, shall be paid into the county treasury," and this language, in connection with the other language of the section, fixes the greatest amount which a probate judge may receive at the sum of twelve hundred and fifty dollars, and fixes the limitation as positively, though perhaps not as unequivocally, as though the language of the section had been that in all counties from ten thousand inhabitants upwards the probate judge should only receive twelve hundred and fifty dollars.

The intention of the legislature seems clear, to fix the salary of the probate judge at not more than twelve hundred and fifty dollars in any county, and to require all amounts of fees collected in excess of that sum to be paid into the county treasury of the county.

The record, however, we think, sufficiently shows that Canadian county, during the period in controversy, did not have more than twenty thousand inhabitants. The petition, sworn to, and the alternative writ, alleged that " the inhabitants of the said county was not less than ten thousand nor more than twenty thousand in number," and the answer did not deny this allegation, as it also did not deny most of the other allegations of the peti-

tion and writ. These allegations, then, stood as true in the trial court, and must also be so taken here. (Sections 4006 and 4603.)

The judgment of the court below is affirmed, with costs against the plaintiff in error.

Burford, J., having presided in the court below, not sitting; all the other Justices concurring.